MELVIN, et ux. *v.* PARKER

No. 40645          June 10, 1957          95 So. 2d 790

*Melvin, Melvin & Melvin,* Laurel, for appellants.

*Buchanan & Montgomery,* Laurel, for appellee.

ROBERDS, P. J.

## ON MOTION OF APPELLEE TO DISCHARGE SUPERSEDEAS

ROBERDS, P. J.

This is a motion to discharge the supersedeas in this case for lack of proper bond. The bond is conditioned ac-

cording to Section 1165, Miss. Code 1942 Recompiled. Mrs. Parker contends the condition of the appeal bond should be in accordance with Section 1167, said Code.

This litigation involves the title to and the right to possession of eight lots in Laurel, Mississippi. On August 26, 1953, the Chancery Court of the Second Judicial District of Jones County, Mississippi, in a suit between the parties hereto, adjudicated Mrs. Parker to be the owner of the lots. On May 16, 1955, this Court affirmed that decision. Melvin et ux v. Parker, 223 Miss. 430, 78 So. 2d 477.

On November 8, 1955, the chancery clerk of Jones County issued a writ of possession to dispossess the Melvins. The motion was amended twice. On August 27, 1956, the chancellor sustained a motion to quash the writ. On October 30, 1956, an alias writ of possession issued at the instance of Mrs. Parker. The Melvins made a motion to quash that writ. On November 2, 1956, the chancellor overruled the motion to quash. From that decree the Melvins undertake to prosecute this appeal. The clerk of the chancery court found the value of the property to be $4,500.00. The bond for appeal to this Court was in the maximum amount of $9,000.00, conditioned according to Section 1165. That section applies to cases where appellants desire to stay the execution of a writ of possession in ejectment. That section is not applicable to the case at bar. Section 1167, said Code, is applicable under the circumstances of this appeal. That section applies where a decree directs the "delivery of possession of real estate".

The Melvins will be given thirty days from the date of the judgment entered pursuant to this opinion within which to file a bond in the maximum penalty of $9,000.00 conditioned as said section 1167 requires, sureties to be approved by the clerk of the chancery court of Jones County; failing in which the supersedeas will be discharged on this appeal.

Motion to discharge supersedeas sustained, and leave of thirty days allowed for filing proper appeal bond.

All Justices concur, except *McGehee, C. J.*, who took no part.